## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TAMARA WAREKA p/k/a<br>TAMARA WILLIAMS | ) ) ) | **Case Number**: **1:21-cv-2346** |
| | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| EYELASHWORKS LLC,<br>and DOES 1 through 10 inclusive, | ) ) ) | |
| Defendants. | ) ) ) | |

## TAMARA WILLIAMS' COMPLAINT FOR COPYRIGHT INFRINGEMENT, UNAUTHORIZED ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION, AND DEMAND FOR JURY TRIAL

Plaintiff Tamara Wareka p/k/a Tamara Williams, for her Complaint against Eyelashworks LLC and DOES 1 through 10 inclusive, alleges as follows:

### JURISDICTION AND VENUE

1.     This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq* and 17 U.S.C. § 1202.

2.     This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3.     This court has personal jurisdiction over Defendant because Defendant's acts of infringement complained of herein occurred in the state of Illinois, Defendant's acts of infringement were directed towards the state of

Illinois, Defendant caused injury to Plaintiff within the state of Illinois, and Defendant has a physical presence in the state of Illinois.

4.     Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

5.     Plaintiff Tamara Williams ("Williams") is an individual and professional photographer.

6.     Eyelashworks LLC ("Eyelash") is an Illinois company with a business address of 71 E 16th Street, Retail Level, Chicago, IL 60616.

7.     Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

## FACTUAL ALLEGATIONS

8.     Tamara Williams is a highly successful freelance photographer specializing in beauty and fashion photography. Williams is most well-known for her natural and clean model portraiture featured on her highly popular Instagram account @tamarawilliams1, which has amassed over 400,000 followers.

9.     Williams' portfolio includes international clients and her work has been featured in top publications such as *Vogue, Harper's Bazaar, Marie Claire, Elle, L'Officiel, Glamour, Cosmopolitan, Maxim*, and many more. Additionally,

her work has been used commercially by brands such as *NARS, KKW, Fenty*, and *Benefit*.

10.     Williams is the sole author and exclusive rights holder to eight photographs of female models: one photograph of model Tashi Rodriguez ("Rodriguez Photograph"), one photograph of model Hana Cross ("Cross Photograph"), two photographs of model Stacey Hannant (respectively, "Hannant 1 Photograph" and "Hannant 2 Photograph") (Collectively, the "Hannant Photographs"), one photograph of model Belle Johnson ("Johnson Photograph"), two photographs of model Christina Nadin (respectively, "Nadin 1 Photograph" and "Nadin 2 Photograph") (Collectively, the "Nadin Photographs"), and one photograph of model Moya Palk ("Palk Photograph") (Collectively, the "Photographs").

11.     Attached hereto as Exhibit A are true and correct copies of the Photographs.

12.     Williams registered the Photographs with the United States Copyright Office. The Rodriguez Photograph and the Hannant 2 Photograph are registered under Registration Number VA 2-116-917. The Cross Photograph, Hannant 1 Photograph, and Palk Photograph are registered under Registration Number VA 2-130-596. The Johnson Photograph is registered under Registration Number VA 2-116-904. The Nadin 1 Photograph is registered under Registration Number VA-2-116-920. The Nadin 2 Photograph is registered under Registration Number VA 2-197-148.

13.     Defendant Eyelash is a beauty salon that specializes in eyelash services, such as eyelash lifts and volume refills. Eyelash also offers its clients eyebrow services, as well as facial waxing.

14.     Eyelash was the owner and operator of the website http://eyelashworks.com ("Website").

15.    Eyelash advertised its services through its Website.

16.    On or about May 24, 2020, Williams discovered the Photographs being used by Eyelash on its Website.

17.    The Rodriguez Photograph and Hannant 1 Photograph were used on the Website's "FAQ" page.

18.    The Cross Photograph and Johnson Photograph were used on the Website's "Contact Us" page.

19.    The Rodriguez Photograph and Nadin 1 Photograph were used on the Website's page that specified the longevity of eyelash services.

20.    The Hannant 2 Photograph and Palk Photograph were used on the Website's main page near the message "while you're wearing extensions, make sure that the cleanser you use on the rest of your face is oil-free as well."

21.    The Nadin 2 Photograph was used on the Website's main page which welcomed visitors of the Website and described the company.

22.    The Cross Photograph, the Hannant Photographs, The Nadin 2 Photograph, and the Palk Photograph contain a unique watermark bearing the name of Williams' Instagram account, "@tamarawilliams1."

23.    Williams also noticed that Eyelash had cropped off a portion of the watermark for the Hannant 1 Photograph as used on its Website.

24.    Williams did not give Eyelash permission to use the Photographs stated above on Eyelash's Website and crop off a portion of her proprietary watermark from the Hannant 1 Photograph.

25.    Attached hereto as Exhibit B are true and correct screenshots of the use of the Photographs on Eyelash's Website.

26.    Williams is informed and believes Eyelash created unauthorized copies of the Photographs.

4

27.    Williams is informed and believes Eyelash uploaded the Photographs to Eyelash's Website.

28.    Williams has made several attempts to settle this case prior to the filing of this Complaint.

### FIRST CAUSE OF ACTION
### COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 101 *et seq*

29.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30.    Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Photographs.

31.    Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Photographs in violation of Title 17 of the U.S. Code, in that it used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Photograph of the Plaintiff without Plaintiff's consent or authority, by using it in an infringing post on Defendant's Website.

32.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 pursuant to 17 U.S.C. § 504(c).

33.    As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendants.

34.    Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

/ / /

/ / /

/ / /

/ / /

## SECOND CAUSE OF ACTION
## FALSIFICATION, REMOVAL AND ALTERATION OF COPYRIGHT
## MANAGEMENT INFORMATION
## 17 U.S.C. § 1202

35.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36.     Defendant intentionally falsified, removed, and/or altered copyright management information related to the Photograph with the intent to induce, enable, facilitate, or conceal its infringement of the Hannant 1 Photograph. Specifically, Defendant illegally downloaded the Hannant 1 Photograph with watermarks containing copyright management information and cropped some of the watermarked Hannant 1 Photograph so that the watermark was removed before incorporating the Hannant 1 Photograph into its posts on its Website.

37.     Defendant's conduct was knowing and intentional because Defendant knew that it was not the copyright holder in the Hannant 1 Photograph and that Defendant had not licensed the Hannant 1 Photograph for use in the social media advertisements and knowingly altered the and/or removed the watermark containing the copyright management in order to conceal its infringing conduct.

38.     Defendant's conduct constitutes a violation of 17 U.S.C. § 1202(a), and 1202(b).

39.     Defendant's falsification, removal and/or alteration of that copyright management information was done without Plaintiff's knowledge or authorization.

40.     Defendant's falsification, removal and/or alteration of said copyright management information was done by Defendant intentionally, knowingly, and with the intent to induce, enable, facilitate, or conceal Defendant's infringement of the Hannant 1 Photograph. Defendant also knew, or had reason to know, that such removal, falsification, and/or alteration of copyright management information would induce, enable, facilitate, or conceal Defendant's infringement of the

Hannant 1 Photograph.

41.    Plaintiff has sustained significant injury and monetary damages as a result of Defendant's wrongful acts as hereinabove alleged in an amount to be proven.

42.    In the alternative, Plaintiff may elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 from each Defendant for each violation of 17 U.S.C. § 1202.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Photographs by copying, displaying, and distributing it without a license or consent;

- For an award of actual damages and disgorgement of all of profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

- For statutory damages in an amount up to $25,000 for each falsification or removal of copyright management information pursuant to 17 U.S.C. § 1202;

- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;

- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

- For pre judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.


Dated:          April 30, 2021                          Respectfully submitted,

                                                        **/s/ Ryan E. Carreon**
                                                        Ryan E. Carreon, Esq.
                                                        Bar No. 311668
                                                        **HIGBEE & ASSOCIATES**
                                                        1504 Brookhollow Dr., Ste 112
                                                        Santa Ana  CA 92705-5418
                                                        (714) 617-8358
                                                        (714) 597-6729 facsimile
                                                        rcarreon@higbeeassociates.com
                                                        *Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff Tamara Williams hereby demands a trial by jury in the above matter.

Dated:      April 30, 2021               Respectfully submitted,

**/s/ Ryan E. Carreon**
Ryan E. Carreon, Esq.
Bar No. 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8358
(714) 597-6729 facsimile
rcarreon@higbeeassociates.com
*Attorney for Plaintiff*